PONDER, Justice.
 

 This suit was brought by the plaintiff, trustee for the bankrupt estate of Dr. C. H. Moseley, as a surety against fourteen co-sureties on a contract of guaranty. The lower court having rendered judgment in favor of the defendants rejecting the plaintiff’s demands, the plaintiff has appealed. '
 

 This suit was ‘previously entertained by this Court on an exception of no cause of action. Leigh v. Wright et al., 183 La. 765, 164 So. 794. In passing on the exception this Court in its opinion narrated in detail ■the allegations in plaintiff’s petition, which it is unnecessary here to repeat, and came to the conclusion that the plaintiff was mistaken in his remedy. This Court stated:
 

 “Plaintiff, in bringing suit to recover judgment in solido against the cosureties of Dr. Moseley, has mistaken his remedy. He is not entitled to judgment in solido against them. His remedy is to demand contribution as provided in article 3058 of the [Civil] Code. But we do not think his suit should be dismissed on that account. He has made such allegations as warrant a recovery from each of the defendants his share or proportion of the debt paid by Moseley, if he can prove them, and his suit should stand for that purpose.”
 

 This Court in Leigh v. Wright et al., supra, having recited the law applicable, remanded the case to the lower court to be proceeded with according to the views expressed therein. After the case was remanded to the lower court, the defendants answered the suit setting up various defenses, among which the defendants denied that the payments made by Dr. Moseley were made with their knowledge of, concurrence in and consent. From the briefs filed by both the plaintiff and the defendants, the arguments made by counsels for both plaintiff and the defendants and from , an examination of the record itself, the only issue presented for our determination is strictly a question of fact, viz.: Were the alleged payments made by Dr. Moseley made with the full knowledge of, .concurrence in and consent of the defendants? The law applicable to the determination of this issue has already been set out in Leigh v. Wright et al., supra and it is unnecessary to again recite it.
 

 The trial judge in his reasons for judgment states:
 

 “As I see it, the law in this case was made plain by the decision of the Supreme Court in which an exception of no cause or right of action was overruled and the case remanded.
 

 “Article 3037 of the Civil Code provides that the obligation of the surety shall not be
 
 *227
 
 more onerous than that of the principal, and when contracted under more onerous conditions, it shall be reduced to the conditions of the principal obligation.
 

 “Article 3058 of the Civil Code provides that when one of the sureties satisfies the debt, he has his remedy against the other sureties only when he has paid in consequence of a lawsuit filed against him.
 

 “This case was remanded to be tried solely on the allegations that plaintiff made the payment on demand of the Building and Loan Association and with the full knowledge, concurrence and consent of the other obligors. A12 other points or allegations of the petition were ruled out.
 

 “It was decided in the case referred to that the defendants having been charged with knowledge, concurrence and consent, that they were equitably estopped from asserting the right in their favor under Articles 3037 and 3058 of the Civil Code.
 

 “Knowledge, consent and concurrence as used here, are kindred terms. Knowledge as used here means notice. This knowledge must be of such a nature that it amounts to consent, and consent means to concur.
 

 “Now, after hearing the evidence in the case, I am sure that plaintiff has not proved knowledge, concurrence and consent, and if the case had not already been remanded once, I would have dismissed plaintiff’s case at the end of his testimony.
 

 “Plaintiff’s testimony does not contain even a circumstance of consent and concurrence on the part- of the defendants, therefore, I cannot, of course, discuss it; and his testimony as to knowledge is so remote that it cannot be considered. In fact, his proof of this knowledge was to a very few of the defendants and that they chided or “kidded” him about it.
 

 “The very fact that they chided him about these payments refutes the proposition of consent and concurrence.
 

 “According to plaintiff’s testimony, these few that heard of his making these payments told him he was foolish to make them because he would never be repaid. Such knowledge on the part of the defendartts cannot be construed as consent and concurrence.
 

 “Equitable estoppel is the effect of the voluntary acts or admissions of a party which misleads another party. There is no testimony to show that plaintiff was misled by the defendants, hence, nothing to' discuss. This is especially so for the reasons that, under the general rule, acts having the effect of estoppel must be made plain.
 

 “It is outstanding that plaintiff’s suit was based on the theory of a legal subrogation. He expected to win his suit on the ground that he was legally subrogated to the rights of the Building and Loan Association. He was not depending upon knowledge, consent and concurrence of the defendants for a right of action.
 

 “Plaintiff’s right of action based on a legal subrogation was ruled out in the trial of the exception of no cause or right of action.
 

 “Plaintiff failed to make out his case and there is no reason to consider the testimony of the defendants.”
 

 
 *229
 
 . After a careful examination of the testimony in the record, we have arrived at the conclusion that the summary of the evidence by the trial judge is correct. The trial judge was of the opinion that the evidence of the plaintiff was not sufficient to show that the payments were made with the knowledge of, concurrence in and consent of the defendants without the necessity of considering the testimony of the defendants. After reading' the plaintiff’s evidence we arrive at the same conclusion. Furthermore, when we consider the evidence of the defendants, consisting of the testimony of thirteen physicians and dentists, we find that it absolutely refutes the plaintiff’s contention that the payments were made with the knowledge of, concurrence in and consent of the defendants.
 

 For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.